IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ERIC RANDALL HINKLE, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:06-CV-313-Y |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATIONS
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U. S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendations of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A.  NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.  PARTIES**

Petitioner Eric Randall Hinkle, TDCJ-ID #849430, is currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, in Pampa, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**C.    PROCEDURAL HISTORY**

On October 28, 1998, Hinkle was convicted by a jury of aggravated sexual assault of a child under 14 years of age in Case No. 0708720R in the 372nd District Court of Tarrant, Texas, and he was sentenced to forty-five years' confinement. (1State Habeas R. at 66.)[1] Hinkle sought post-conviction relief challenging his conviction, including a previous federal petition for writ of habeas corpus.[2] In this petition, he raises a claim under the Supreme Court's decision in *Crawford v. Washington*, 541 U.S. 36 (2004) (making testimonial, out-of-court statements inadmissible unless the witness is unavailable to testify and the defendant has had a prior opportunity to cross-examine the witness about the statement).

**D.    SUCCESSIVE PETITION**

28 U.S.C. § 2244(b) requires dismissal of a second or successive petition filed by a state prisoner under § 2254 that was or could have been presented in a prior petition unless–

> (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing

---

[1] "1State Habeas R." refers to the state court record in Hinkle's state habeas Application No. 48,023-01; "2State Habeas R." refers to the state court record in his state habeas Application No. 48,023-02.

[2] This is Hinkle's second petition for writ of habeas corpus filed in this Court pursuant to 28 U.S.C. § 2254. In his first petition, Hinkle challenged on substantive grounds the same conviction and sentence for aggravated sexual assault of a child that he challenges herein. That petition was denied on the merits on November 16, 2001. *Hinkle v. Cockrell*, Civil Action No. 4:01-CV-114-Y.

2

>  evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(1)-(2). Further, before such a petition is filed in federal district court, the petitioner must move for authorization to file the petition in the appropriate court of appeals. *Id.* § 2244(b)(3).

Hinkle argues this petition is not a successive petition because the decision in *Crawford* was not available until after his first federal petition had been litigated. However, the Fifth Circuit has held that *Crawford* does not apply retroactively on collateral review. *See Lave v. Dretke*, 444 F.3d 333, 336 (5th Cir. 2006), *petition for cert. filed*, ___ U.S.L.W. ____ (U.S. June 13, 2006) (No. 05-11552).[3]

Hinkle also argues that, if the instant § 2254 petition is successive, the petition should be considered under the provisions of 28 U.S.C. § 2241. (Pet'r Reply at 1-7.) By attempting to proceed under § 2241, he merely seeks to avoid § 2254's prohibition on filing successive petitions. A petitioner may not utilize § 2241 merely to avoid various statutory provisions specifically applicable to § 2254 actions. *See Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003), *cert. denied*, 541 U.S. 1032 (2004); *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999), *cert. denied*, 528 U.S. 1178 (2000); *Gaines v. Dretke*, No. 3:04-CV-1185-D, 2005 WL 1540192, at *1-2 (N.D. Tex. June 30, 2005) (not designated for publication), *adopted*, 2005 WL 1799518 (N.D. Tex. July 27, 2005).

From the face of the petition and court records, it is apparent that this is a successive petition filed without authorization from the Fifth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(1)-(3). This Court is, therefore, without jurisdiction to consider the petition. *See United States v. Orozco-*

---

[3] The Supreme Court has granted certiorari on this issue in *Whorton v. Bockting*, 2006 WL 1310697, 74 U.S.L.W. 33082005 (U.S. May 15, 2006) (No. 05-595).

*Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000); *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999).

## II.  RECOMMENDATION

It is recommended that Hinkle's petition be dismissed pursuant to 28 U.S.C. § 2244(b)(1).

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September 1, 2006.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until September 1, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the

opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August 11, 2006.

                                             /s/   Charles Bleil
                                             CHARLES BLEIL
                                             UNITED STATES MAGISTRATE JUDGE